IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIKKI TURNER

      Plaintiff

vs.

OXFORD COLLECTION AGENCY, INC.
D/B/A OXFORD MANAGEMENT SERVICES

      Defendant.

CASE NO:

## COMPLAINT

### INTRODUCTION

1. Defendant Oxford Collection Agency, Inc. d/b/a Oxford Management Services ("Oxford") operates a high volume debt collection business nationwide.

2. Oxford violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") while collecting on a student loan debt belonging to Plaintiff's husband.

### JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

### PARTIES

4. Plaintiff, Nikki Turner ("Turner") is a natural person residing in Allegheny County, Western District of Pennsylvania.

5. Oxford holds itself out to the public as a collection agency.

6. Oxford is a debt collector within the FDCPA.

7. Oxford engaged in, approved of, and/or ratified the illegal conduct described herein.

8. At all times relevant hereto, Oxford's employees and/or agents were acting in the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the Defendant.

## FACTS

9. Between June and mid July 2008, Turner contacted Oxford attempting to set up a payment plan for her husband's student loan debt. The original creditor is Sallie Mae.

10. On more than one occasion while Turner was attempting to work out a payment plan, Oxford's collector would place her on hold falsely claiming they were going to speak with Sallie Mae. The collector would then get back on the line and tell Turner Sallie Mae wouldn't agree to her proposal.

11. Turner couldn't afford to pay back the loan on Oxford's terms. Turner suggested she might be able to borrow the money.

12. Oxford's collector advised Turner that if they didn't take out a loan to pay back the debt, they would take it to the next level.

13. Turner asked the collector to explain what was meant by "taking it to the next level."

14. The collector said Sallie Mae will probably take you to Court. They will sue you. They will take your house and car. These statements are false.

15. Turner told the collector she didn't have a house or a car. The collector said they can take your wages; all of your stuff. This statement is false and deceptive.

16. The collector told Turner if she didn't want to be responsible for her husband's debts, she shouldn't have married him.

17. In July 2008, Oxford's collector represented to Turner they could pay $600 per month for three months. They would then be put on a good faith "hardship" payment plan of $200 per month.

18. Turner agreed to pay $600 for July, August and September 2008. She took out a loan.

19. Turner made the third and final payment on September 25, 2008.

20. Turner then called Oxford thinking they were going to get into the financial hardship plan. After being switched from collector to collector, she was told there was no record of a financial hardship plan. The minimum payment Oxford could accept would be $600 per month; $400 dollars more than the promised hardship payment plan of $200 per month. When Turner advised the collector she took out a loan believing her husband would get into the financial hardship plan, the collector said, "we didn't tell you to take out a loan." Turner took out the loan and agreed to make the payments thinking she would get into the financial hardship plan. The collector said maybe borrowing beyond your means got you into this mess. Turner would not have borrowed the money and agreed to the payments if she know Oxford's claim about the financial hardship plan was false.

21. In October 2008, Oxford without authorization attempted to debit Turner's account in the amount of $600.

22. Turner didn't have sufficient funds in her account to cover the $600. The bank charged her a non sufficient funds fee.

23. Oxford then tried to debit the account a second time for $600.

24. Turner put a stop payment on her account for the amount of $600.

25. Unable to debit $600, Oxford debited $300 from the account.

26. Turner incurred bank charges due to the unauthorized withdrawals.

## COUNT I

### Fair Debt Collection Practices Act

27. Turner repeats, re-alleges and incorporates by reference all other paragraphs.

28. In the collection efforts, Oxford violated the FDCPA, *inter-alia*, §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, 1692f(5) and 1692f(6).

29. As a direct and proximate result of Oxford's illegal collection activities, Turner suffered actual damages including bank charges, pain and suffering, anger and emotional distress

30. Turner is entitled to recover from Oxford statutory damages, actual damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k *et seq.*

## COUNT II

### Invasion of Privacy by Intrusion Upon Seclusion

31. Turner repeats, re-alleges and incorporates by reference all other paragraphs.

32. Turner has a reasonable expectation of privacy in her solitude, seclusion, private affairs and concerns.

33. Oxford intruded into Turner's solitude, seclusion, private affairs and concerns.

34. Oxford's intrusion would be highly offensive to a reasonable person.

35. Turner was harmed by Oxford's conduct including harm to her interest in privacy and mental distress as a result of the invasion of her privacy.

36. Oxford's conduct was a substantial factor in causing Turner's harm.

37. Oxford's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT III

### Negligence Per-Se

38. Turner repeats, re-alleges and incorporates by reference all other paragraphs.

39. Oxford violated a statute, namely the Pennsylvania Fair Extension Uniformity Act and the Fair Debt Collection Practices Act.

40. Oxford's violation proximately caused injury to Turner.

41. Turner's injury resulted from an occurrence of the nature which the statute was designed to prevent.

42. Turner was one of the class of persons for whose protection the statute was adopted.

43. Oxford's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT IV

### Fraud

44. Turner repeats, re-alleges and incorporates by reference all other paragraphs.

45. Oxford made a misrepresentation to Turner: if you pay $600 per month for three months you will get a financial hardship, which will allow you to pay $200 per month thereafter.

46. This misrepresentation was fraudulent in that the collector knew Turner would not get a financial hardship.

47. This misrepresentation was of a material fact.

48. Oxford intended that Turner rely on the misrepresentation so she would make $600 payments for three months.

49. Turner relied on Oxford's misrepresentation. She took out a loan and made the payments.

50. Turner's reliance on the misrepresentation was a factual cause of the harm she suffered. But for the misrepresentation, Turner would not have taken out the loan and made the payments.

51. Turner suffered harm in the form of additional loan payments and the difference between the $200 per month payments promised to her and the $600 per month minimum amount Oxford claimed it could accept.

52. Oxford's conduct as described above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Turner respectfully requests the following relief from Oxford:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Plaintiff's reasonable attorney's fees and costs; and

E. For such other and further relief as the Court may deem just and proper.

JEFFREY L. SUHER, P.C.

/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com

**JURY TRIAL DEMANDED**